# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### AUGUST 2000 Session

## CARL ROSS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19898      Joe Brown, Judge**

---

**No. W1999-01455-CCA-R3-PC - Filed October 25, 2000**

---

The petitioner, Carl Ross, appeals from the Shelby County Criminal Court's dismissal of his petition for post-conviction relief in which he asserted various instances of ineffective assistance of counsel. Because we conclude that the record supports the lower court's determination that the petitioner failed to establish his claims by clear and convincing evidence, we affirm the dismissal of the post-conviction petition.

**Tenn. R. App. P. 3; Judgment of the Trial Court is AFFIRMED.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Eric Scott Hall, Memphis, Tennessee, for the appellant, Carl Ross.

Paul G. Summers, Attorney General & Reporter, Mark E. Davidson, Assistant Attorney General, William L. Gibbons, District Attorney General, Scott Gordon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Carl Ross, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief in which he challenged his convictions in that court of two counts of attempt to commit second degree murder, three counts of aggravated robbery, and one count of theft. After a jury rendered the verdicts of guilty, the conviction court sentenced the petitioner to an effective sentence of 162 years to be served in the Department of Correction as a career offender at 60 percent. The convictions and sentences were affirmed by this court on direct appeal. See State v. Carl Ross, No. 02C01-9510-CR-00301 (Tenn. Crim. App., Jackson, Jan. 28, 1997), perm. app. denied (Tenn. 1997). In his post-conviction petition, the petitioner makes several claims of ineffective assistance of trial and appellate counsel. We have reviewed the record, the

briefs of the parties, and the applicable law. We affirm the lower court's dismissal of the petition.

On appeal, the petitioner claims the following instances of ineffective assistance of counsel:

1. Failure to call and use alibi witnesses.
2. Failure to advise the petitioner relative to his rights to testify and not to testify.
3. Failure to adequately challenge consecutive sentencing on appeal.
4. Failure to explore a claim that investigating officers erroneously selected the petitioner as a suspect, when a photograph that the officers believed depicted a suspect was actually a photograph of the petitioner's brother.
5. Failure to transcribe the preliminary hearing and to exploit an inconsistency between a police officer's trial testimony and his preliminary hearing testimony.
6. Failure to emphasize exculpatory inferences that the jury could have drawn from the evidence.
7. Failure to provide the petitioner with discovery materials, which limited the petitioner's ability to weigh the merits of a plea offer as against going to trial.
8. Failure to advise the petitioner concerning the effect of him being declared a career offender.
9. Failure to controvert statements in the presentence report concerning the petitioner's work history.
10. Failure to adequately meet with the petitioner to prepare for trial.[1]

The petitioner also argues in his brief to this court that the cumulative effect of the various instances of deficient performance amounted to prejudice sufficient to undermine confidence in the result of the trial.

We gleaned the facts of the conviction offenses from this court's direct appeal opinion. See Carl Ross. On November 5, 1993, "four armed, masked men wearing gloves entered [a Memphis pawn shop], ordered all of the occupants to the floor and demanded the cash drawer keys." Id., slip op. at 2. One of the robbers assaulted the shop manager. The robbers took cash and removed guns and jewelry from the showcases. Id., slip op. at 3. During their flight from the pawn

---

[1] The post-conviction petition alleged additional instances of ineffective assistance which were not presented on appeal. Conversely, issues five through ten, as listed above, were raised at the post-conviction hearing but were not included in the petition. Because the parties proceeded below to litigate these issues and the state in its appellate brief does not challenge the issues as waived, we consider them in our resolution of the case.

shop, two of the robbers emerged from their car, fired shots at police officers, got back into the car, and fled the scene. Id., slip op. at 4. One of the police officers identified the petitioner as a gunman who fired at him. Id. One of the co-defendants also identified the petitioner as a participant in the crimes. Id., slip op. at 5. Officers subsequently searched a "Looney Street address," the petitioner's last known address, as he had provided it to his parole officer. There, they found a number of firearms and proceeds from the pawn shop robbery. Id., slip op. at 7-8.

At the post-conviction hearing, the petitioner testified that his counsel, William Johnson, failed to interview or subpoena several individuals who could have served as alibi witnesses, despite the petitioner providing him with the witnesses' names. He complained that counsel inadequately advised him of his rights to testify and not to testify and improperly instructed him not to testify. He avers that this instruction amounted to deficient performance of counsel, based upon the trial court allowing the state, over objection, to call in rebuttal the petitioner's parole officer, who testified that the petitioner's last known address was the location where the robbery proceeds and accouterments were discovered. The petitioner argues that the testimony of his parole officer suggested to the jury that the petitioner had been previously convicted of a crime, which undermined the previous decision that the petitioner should not testify to avoid disclosure of his prior felony convictions. See Tenn. R. Evid. 609 (impeachment of witnesses via evidence of prior convictions). Moreover, the petitioner argues that the parole officer's testimony should have been countered by the petitioner's testimony that he was not residing at the location where the inculpative evidence was found.

The petitioner further testified that some of the investigating officers had a picture of a suspect who they believed was the petitioner, when the person in the photograph was actually the petitioner's brother. He argued that trial counsel was remiss in not pursuing this information. He also maintained that a police officer testified at the preliminary hearing that the petitioner emerged from the front seat of the getaway car and testified at trial that the petitioner was in the back seat. He argued that the officer was in a poor position relative to the car to see someone emerge from the front seat. Yet, trial counsel failed to procure a transcript of the preliminary hearing. The petitioner alleges that counsel also performed deficiently by failing to emphasize evidentiary inferences that favored the defense. For example, he complains that counsel did not point out that the petitioner was never identified via a lineup, although he was identified by witnesses at trial, or point out that a witness's description of a perpetrator with a gold tooth did not refer to the petitioner, who had three gold teeth.

The petitioner further testified at the post-conviction hearing that, had his attorney adequately furnished him with discovery materials and advised him about the effect of a career offender status, he could have better assessed the state's plea offer versus his chances at trial. He claimed that the presentence report incorrectly indicated that he had worked only four months during his lifetime and that counsel failed to point out the error during the sentencing procedure. The petitioner alleged that his counsel only visited with him four or five times prior to trial.

-3-

William Johnson testified at the post-conviction hearing that, prior to trial, the petitioner never mentioned an alibi and that the petitioner never supplied counsel with the names of any alibi witnesses, even though counsel asked him if he had an alibi. Counsel testified that the petitioner gave him a written list of witnesses and that he interviewed and called as witnesses each of the persons named. One of the witnesses, the petitioner's wife, was called to testify but invoked the privilege against self-incrimination. A second witness, a co-defendant, declined to testify.

Counsel testified that he explained to the petitioner the benefits and disadvantages of testifying and of not testifying in his own behalf, including the state's right to use prior felonies for impeachment purposes. Counsel denied that he instructed the petitioner to testify or to not testify; rather, the petitioner himself opted not to testify. Counsel detailed the state's offer of a 40-year effective sentence as a persistent offender in exchange for guilty pleas. He testified that he explained to the petitioner that, if he went to trial and he was found guilty, he would be sentenced as a career offender, a more punitive category than persistent offender.

Mr. Johnson testified that he procured a copy of the preliminary hearing tape and reviewed it. He found no reason to order a transcript and, at trial, saw no significant inconsistencies between the officer's preliminary hearing testimony and his trial testimony. He stated that, prior to trial, he gave the petitioner all of the discovery materials that he had collected. In his estimation, he met with the petitioner more than four or five times and spoke with him on numerous occasions via telephone. In any event, he asserted that his pretrial conversations with the petitioner were more than adequate to ensure full investigation and preparation for trial. He argued to the jury reasonable doubt, based upon weaknesses in the state's identification testimony and upon the fact that the petitioner did not reside in the house where the robbery evidence was found.

No other witnesses testified at the post-conviction hearing. Neither party introduced the preliminary hearing transcript, the trial transcript, or the presentence report.

The post-conviction court found that Mr. Johnson is a "very fine, experienced trial lawyer and attorney, was probably caught in a nontenable [sic] position here, relative to the demands of the defendant, but he handled him well." It further found that counsel "picked a reasonable strategy upon which to proceed, that is, that the fruits of the crime found at the address in question did not belong to the defendant." The court expressly stated that it accredited Mr. Johnson's testimony as against the petitioner's. After making these findings, the court dismissed the petition for post-conviction relief.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Id. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997).

These same principles apply in determining the effectiveness of appellate counsel. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995); see Evitts v. Lucey, 469 U.S. 387 (1985).

When the claim of ineffectiveness is predicated upon counsel's failure to present potential witnesses, their testimony should be offered at the post-conviction hearing. In this manner the court can consider first whether a material witness existed and could have been discovered but

for counsel's neglect, or a known witness was not interviewed by counsel, and second, whether the failure to discover or interview a witness prejudiced the petitioner or the failure to call certain witnesses denied critical evidence to the prejudice of the petitioner. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

We conclude that the record supports the post-conviction court's findings and its dismissal of the petition. The petitioner failed to establish that counsel inadequately investigated or prepared the case. Specifically, the petitioner failed to establish that counsel knew or should have known of any alibi defenses or alibi witnesses, much less that any person would have served as an alibi witness. See Id. at 757. Likewise, the petitioner has not shown that counsel failed to properly advise him about his rights to testify and not to testify. The lower court accredited counsel's testimony that he imparted proper advice. Also, we conclude that counsel did present to this court on direct appeal an adequate challenge to consecutive sentencing.

The petitioner has demonstrated no prejudice in making his claim that counsel should have explored the mistake of the police in procuring a photograph of the petitioner's brother, even if that mistake was in fact made. He has demonstrated no prejudice concerning the claimed failure to procure a transcript of the preliminary hearing testimony or the claimed failure to argue favorable inferences from the evidence.

He did not establish his claim that he was not provided with discovery materials or that he was in any way ill-prepared to evaluate his options of going to trial versus accepting a plea arrangement. Likewise, he failed to prove by clear and convincing evidence that the presentence report misrepresented his work history or, if it did, that he was prejudiced by it. He failed to establish that his attorney inadequately conferred with him.

Finally, because the petitioner established no occurrences of deficient performance, no possibility of cumulative prejudice exists.

For these reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-6-