**Kennon SUMMERLIN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 8, 1980.

Permission to Appeal Denied by Supreme Court Nov. 3, 1980.

Dwayne D. Maddox, Huntingdon, for appellant.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Ted Neumann, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by Kennon Summerlin from the dismissal, after an evidentiary hearing, of a petition for post–conviction relief. On May 17, 1978, the petitioner entered a guilty plea to two counts of incest. He was given two five–year penitentiary sentences to be served concurrently. He was charged with having an incestuous relationship with his 15–year old daughter and his 13–year old daughter.

The petitioner filed an application for a suspended sentence, which was denied by the trial judge after an evidentiary hearing. By direct appeal from the judgment denying a suspended sentence, this court affirmed the trial court without considering the case on its merits. This court held, *sua sponte*, that the petitioner was not eligible for suspended sentences because T.C.A. § 40–2901 expressly excludes consideration of "those cases in which the defendant has been convicted of two or more felonies for which the maximum sentence provided by law exceeds 10 years confinement in the State penitentiary." Neither the trial judge, defense counsel, nor the Assistant District Attorney General was aware of this exclusion; and no one advised the petitioner that he was ineligible for parole until this court's opinion was filed. The Tennessee Supreme Court denied petitioner's application for certiorari and concluded "that the Court of Criminal Appeals reached the correct conclusion."

In his petition for post–conviction relief, the petitioner alleges that his retained counsel was incompetent for not advising him that he was ineligible for probation; he insists that he was motivated in entering the guilty pleas by the hope for suspended or probated sentences. The trial judge dismissed the petition for post–conviction relief upon a finding that the petitioner's guilty pleas to two counts of incest were voluntarily and intelligently made.

■ The present standard applied in this jurisdiction is "Whether the advice given or the service rendered by the attorney [is] within the range of competence demanded by attorneys in criminal cases." The "farce and mockery" standard is no longer applied in Tennessee. Nor is it material whether the attorney is appointed or retained. See *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

When the guilty pleas were entered, the State made no recommendations as to punishment; the pleas did not result from a bargained agreement. The trial judge informed the petitioner that incest is punishable by five to twenty–one years in the penitentiary. The petitioner informed the court that knowing what punishment the court might impose, he still desired to plead guilty in both cases "to keep my daughters from being drug through court." He informed the court that he was actually guilty of the two charges of incest. The State and the petitioner agreed that the two children were the natural children of the petitioner and that the defendant had maintained an incestuous relationship with the 15–year old girl for three years and with the 13–year old girl for one year and a half previous to the entry of the guilty pleas. The petitioner had admitted to "several different people" that he was maintaining this relationship with his daughters.

The petition for a suspended sentence was filed on the same day that the guilty pleas were entered. The petitioner's retained counsel testified that neither he nor the Assistant District Attorney General was aware that the petitioner would be ineligible for a suspended sentence after pleading guilty to both offenses. He was aware that if the trial judge had imposed a sentence in excess of ten years, then the petitioner would not be eligible for consideration for probation; and he so advised the petitioner. The attorney advised the petitioner to enter pleas of not guilty, but the petitioner insist-

ed on entering guilty pleas because he did not want his family subjected to a criminal trial. The attorney informed the petitioner that his chances of getting suspended sentences were "very, very slim." Prior to the discussion concerning the possibility of a suspended sentence, the petitioner had insisted upon entering guilty pleas to the charges.

At the post–conviction hearing, the petitioner testified that the possibility of a suspended sentence played a material part in his decision to enter pleas of guilty to these offenses. At the time the pleas were entered, he believed that he was eligible for consideration for a suspended sentence.

■ The trial judge found that the petitioner's guilty pleas were voluntarily made and were not the product of a hope for a suspended sentence. The finding of fact by the trial judge is to be given the weight of a jury verdict. *Graves v. State*, 512 S.W.2d 603 (Tenn.Cr.App.1973). The evidence supports the finding of the trial judge that the hope for a suspended or probated sentence did not motivate the petitioner in pleading guilty. The entire record, as above outlined, indicates that the defendant pleaded guilty because (1) he was, in fact, guilty of both offenses and admitted his guilt to the trial judge prior to entering the guilty pleas; (2) the evidence of the petitioner's guilt was strong; he had admitted his guilt to "several persons" prior to the time of the entry of the pleas; (3) he had been informed by his attorney that his chances for getting suspended sentences were "very, very slim" and that "he had no chance at all if he got more than ten years"; (4) he did not wish to have his two daughters subjected to trial.

■ Moreover, the petitioner would not have received a suspended sentence even without the statutory prohibition. The trial judge, being unaware that the petitioner was not eligible for suspension of sentence pursuant to T.C.A. § 40–2901, conducted a hearing and decided the question on its merits without regard to the statutory exclusion. The trial judge denied relief due to the magnitude, nature and circumstances of the two crimes. That is, the defendant had been maintaining an incestuous relationship with his 15–year old child for three years and with his 13–year old child for one and one–half years. The offenses themselves are serious, and the circumstances of the defendant's committing the offenses with his own children over this period of time greatly aggravates them. Under these circumstances, the trial judge was empowered to deny a suspended sentence even if he had not been precluded from doing so by statute. *Powers v. State* 577 S.W.2d 684 (Tenn. Cr.App.1978).

■ The appellant further insists that, as a matter of law, the episodes of incest with his two daughters were only one offense; thus the ineligibility provision of T.C.A. § 40–2901 is not applicable. Yet, he testified at the post–conviction hearing that the two daughters were not together "all of the time" when he committed incest with them. Further, the factual basis for the two charges was lawfully established by the two guilty pleas. *Mackey v. State*, 553 S.W.2d 337 (Tenn.1977); *State v. Lillard*, 528 S.W.2d 207 (Tenn.Cr.App.1975).

The judgment of the trial court denying post–conviction relief is affirmed.

WALKER, P. J., and DUNCAN, J., concur.