# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 8, 2000

## JOSEPH KENNETH TIPLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-20620     Carolyn Blackett, Judge**

---

### No. W2000-00168-CCA-R3-PC - Filed December 6, 2000

---

The petitioner appeals the trial court's dismissal of his petition for post-conviction relief. The record supports the trial court's determination that the petitioner failed to establish his claims that he received ineffective assistance of counsel when trial counsel (1) failed to obtain a transcript of the preliminary hearing and (2) failed to move for a severance of offenses. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Robert Little, Memphis, Tennessee, for the Appellant, Joseph Kenneth Tipler.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; Glen Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petitioner, Joseph Tipler, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. On May 30, 1996, the trial court imposed upon the petitioner the following convictions and sentences: assault, eleven months and twenty-nine days; aggravated burglary, six years; two counts of aggravated assault, six years each; and two counts of aggravated kidnapping, 20 years each. All sentences run concurrently and yield an effective sentence of 20 years. This court affirmed the petitioner's conviction and sentence on direct appeal, and the supreme court denied permission to appeal. See State v. Joseph Tipler, No. 02C01-9611-CR-00384 (Tenn. Crim. App., Jackson, Jan. 30, 1998), perm. app. denied (Tenn. 1998). The petitioner filed his post-conviction petition on November 16, 1998. The post-conviction court appointed counsel for the petitioner, and after an evidentiary hearing, it dismissed the petition. The petitioner alleges several instances of ineffective assistance of counsel, but on appeal he raises only two issues: whether trial counsel was ineffective by (1) not obtaining a transcript of the petitioner's preliminary

hearing and (2) not moving to sever the trial on the assault charge from the trial on the other charges. We have reviewed the record, the briefs and the applicable law. Finding no error, we affirm the dismissal of the post-conviction petition.

The transcript of the petitioner's jury trial was not exhibited to the post-conviction hearing, and few facts about the underlying offenses came to light. However, from this court's direct appeal opinion, we learn that the petitioner and his girlfriend were residing with his brother's ex-wife, Frances Smith, and her son. Joseph Tipler, slip op. at 2. On October 8, 1995, the petitioner and Smith argued, and the petitioner "hit [her] in the mouth and busted her lip." Id., slip op. at 3. This action eventually became the basis for the assault charge. After the assault, Smith evicted the petitioner and his girlfriend, reclaimed her house keys from them, and set the petitioner's personal property "out on the back porch." Id. At 3:00 a.m. on October 10, 1995, Smith awoke to "beating on the back door," and when she and her son went to the front door to leave, she was detained by the petitioner's girlfriend. Smith's son fled toward a nearby house. Id. The petitioner broke through the locked back door and came through the house. Upon being informed of the boy's whereabouts and armed with a long knife, the petitioner pursued the boy, "grabbed" him, and "pulled" him back to Smith's house. The petitioner had Smith and her son sit on the bed. He cursed her and "slapped [her] upside the head." Id. The petitioner told Smith that he meant to kill her "just like his brother-in-law had killed his sister." Id., slip op. at 3-4. Before leaving the residence, the petitioner's girlfriend retrieved a cassette tape, and the petitioner asked Smith if she needed a ride to work the next day. Id., slip op. at 4. The events of the morning of October 10 led to the burglary, assault and kidnapping charges.

At the post-conviction hearing, the petitioner testified that, at his preliminary hearing, Smith testified that the October 8 assault could have been an accident. After indictment, the trial court appointed trial counsel who was not present at the preliminary hearing. The petitioner informed counsel about Smith's preliminary hearing testimony and instructed her to obtain a transcript of that testimony. The petitioner also complained that trial counsel failed to move to sever the trial of the assault charge from the trial of the other charges.

The petitioner's trial counsel, an experienced public defender, testified at the post-conviction hearing that before trial she learned from the court clerk that there was no tape of the defendant's preliminary hearing. She also spoke with the assistant public defender who handled the preliminary hearing and learned that he had not personally recorded the testimony. As to the failure to seek a severance of offenses, trial counsel testified that she decided not to seek a severance for strategic reasons. She believed that if the jury knew about the parties' history, including the incident on October 8, it would be less likely to believe that the petitioner committed burglary, aggravated assault and aggravated kidnapping. Counsel's testimony revealed thorough preparation of the petitioner's case. She secured an offer from the state for a plea to a six-year sentence which included a reduction of the kidnapping charge to false imprisonment. The petitioner, who had a sufficient prior criminal record to qualify him for Range II sentencing, declined the offer and insisted on going to trial.

At the conclusion of the evidentiary hearing, the trial court dismissed the petition.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the appellate court accords to the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997), cert. denied, 525 U.S. 830, 119 S. Ct. 82 (1998); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997), cert. denied, 524 U.S. 907, 117 S. Ct. 2067 (1998)

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both guarantee effective assistance of counsel to a defendant in a criminal case. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Id. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley, 960 S.W.2d at 579 (Tenn. 1997).

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580.

In the present case, the petitioner failed to establish that counsel deficiently performed. Regarding the failure to secure a transcript of Smith's preliminary hearing testimony, the petitioner failed to show by clear and convincing evidence that a transcript existed that counsel could have obtained. In fact, it is uncontroverted in the record that counsel made a diligent effort to secure a tape of Smith's preliminary hearing testimony and that no tape or transcript existed. Counsel did not deficiently perform on this issue.

Regarding the failure to move to sever the assault charge from the other charges, the record supports the trial court's finding that the failure to move for severance was an informed tactical or strategic decision, consciously made by trial counsel. The record reveals no basis for concluding that counsel deficiently performed on this issue.

Accordingly, we affirm the trial court's dismissal of the post-conviction petition.

_____
JAMES CURWOOD WITT, JR., JUDGE