# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 16, 2001

## MICHAEL W. CLARK v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-46024     James K. Clayton, Jr., Judge**

---

**No. M2000-02092-CCA-R3-PC - Filed July 3, 2001**

---

The petitioner appeals the denial of his petition for post-conviction relief. Specifically, he asserts that he received ineffective assistance of counsel because trial counsel failed to inform him of charges against the victim of the crime. He claims that had he known about the charges against the victim, he would not have pled guilty. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

James O. Martin, III, Nashville, Tennessee, for the appellant, Michael Clark.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Michael W. Clark, appeals the judgment of the Circuit Court for Rutherford County denying his petition for post-conviction relief. The petitioner asserts that he received ineffective assistance of counsel because trial counsel did not inform him that the victim of the crime had been charged with filing a false police report. He claims that if he had been informed of the charges against the victim, he would not have pled guilty. The petitioner's appeal is properly before this court.

## Facts

The petitioner's case was set for trial, and on the morning of trial, after lengthy discussions with his attorney, the petitioner decided to plead guilty to aggravated robbery. At the post-conviction hearing, the petitioner claimed that his trial counsel, in these discussions, failed to inform him that the victim in the case had been charged with filing a false police report. He further stated that he would not have pled guilty had he known about this charge against the victim. When cross-examined, the petitioner admitted that Detective Nobles had informed him of the charges against the victim. He claimed that he did not speak to his trial counsel about the charges because he believed his trial counsel would speak to him about it.

The petitioner's trial counsel next testified at the post-conviction hearing. According to the petitioner's trial counsel, he informed the petitioner about the charges against the victim and discussed the significance of those charges. He also testified that he sent the petitioner a letter explaining that he thought the petitioner's best chance was to wait until trial to see if the victim appeared to testify. Trial counsel felt the petitioner's only chance would be if the victim did not testify. However, trial counsel discussed with the petitioner the significant amount of evidence contained in an ATM video tape. This video tape clearly depicted the petitioner robbing the victim.

On the day of trial, the victim was present and trial counsel advised the petitioner that given the victim's testimony, the video tape of the incident, and the testimony of a co-defendant, the petitioner would most certainly be convicted. Trial counsel testified he advised the petitioner that although the victim's credibility would be damaged by the victim's involvement in a drug deal and giving false information to the police, the mountain of evidence against the petitioner necessitated accepting the plea offer.

At the conclusion of the hearing, the post-conviction court found that the petitioner was aware of the victim's status and understood the significance of such. The court further found that the petitioner made a knowing and voluntary plea given the events depicted on the video tape, which the petitioner viewed several times. Based upon these findings, the post-conviction court concluded that the petitioner received effective assistance of counsel, and, therefore, denied the petitioner any relief.

## Analysis

Post-conviction petitioners bear the burden of proving their allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the appellate court affords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance

of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley, 960 S.W.2d at 579.

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.; Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580.

The evidence at the post-conviction hearing showed that the petitioner's trial counsel advised him about the charges against the victim and how that could be used to attack the victim's credibility. Trial counsel also advised the petitioner about the significant amount of the State's evidence against him without the victim's testimony, specifically the video tape depicting the petitioner robbing the victim. Although the petitioner claims that his counsel never advised him of the charges against the victim, petitioner admitted that he knew about such charges. Based upon this evidence, the post-conviction court found that trial counsel was effective. In reviewing this evidence, we agree with the post-conviction court's findings. Therefore, because the record does not preponderate against the post-conviction court's findings, we affirm the judgment of the post-conviction court.

## **Conclusion**

After reviewing the record before us and the findings of the post-conviction court, we hold that the evidence in the record supports the conclusion that the petitioner received effective assistance of counsel. The judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE