IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2001

## STATE OF TENNESSEE v. JAMES E. GORDON

**Direct Appeal from the Criminal Court for Williamson County**
**No. 999-332     Donald Paul Harris, Judge**

---

**No. M2000-02435-CCA-R3-PC - Filed July 26, 2001**

---

The petitioner appeals the post-conviction court's denial of his petition for post-conviction relief. He claims that he received ineffective assistance of trial counsel because trial counsel failed to call certain witnesses and did not call the petitioner to testify on his own behalf at trial. After review, we affirm the judgment of the post-conviction court denying the petitioner any relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

George Travis Hawkins, Franklin, Tennessee, for the appellant, James E. Gordon.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek Keith Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, James E. Gordon, appeals the Williamson County Circuit Court's denial of his petition for post-conviction relief. The petitioner was convicted of first degree premeditated murder and aggravated burglary in June of 1996. He was sentenced to life without the possibility of parole. His convictions were affirmed on direct appeal in February of 1998 by this court, which provided a detailed version of the facts of the crime as adduced by the evidence at trial. See State v. Gordon, No. 01C01-9611-CC-00495, 1998 WL 44920 (Tenn. Crim. App., filed Feb. 5, 1998, at Nashville), perm. appeal denied, concurring in results only, (Tenn., filed Dec. 14, 1998). He filed his petition for post-conviction relief on September 29, 1999, which was denied, after a hearing, on October 23, 2000. The petitioner filed his notice of appeal on September 27, 2000. His appeal is properly before this court, and he asserts that the post-conviction court incorrectly found that he received effective assistance of trial counsel. Specifically, he claims that trial counsel was

ineffective for not calling him to testify on his own behalf about his intoxicated state at the time of the murder. He also claims that trial counsel was ineffective for not calling his roommates to testify about his intoxicated state several hours after the murder.

## Facts

At the post-conviction hearing, the defendant testified that he had been drinking heavily before going to see the victim, the father-in-law of his estranged wife. He continued drinking while waiting for his father-in-law and the petitioner's three year old daughter to come home. When they arrived, the defendant entered through an unlocked door and said he saw his father-in-law "messing" with his daughter. At that point, he lost control of himself and began fighting with the victim and ultimately stabbed the victim with a pair of vegetable scissors.

The defendant testified that his trial counsel advised him not to testify at trial. The defendant, however, admitted that he agreed with this recommendation but was not sure whether or not he was clear that the decision was his alone to make. He said if he had testified he would have told the jury that he was drunk and in a rage. However, he could not say if his testimony would have been any different than his taped statement to the police, which was played for the jury. Regarding his roommates, the defendant testified that he was not very close to them and did not even know their names. He also testified that he did not know whether they would know anything that would help his case.

The defendant's trial counsel testified that he had been practicing law for more than 30 years and had tried more than 300 trials. He testified that he was initially worried that the defendant might be facing the death penalty and, consequently, had four or five people working on the case. He testified that it was always his practice prior to trial to inform the defendant of his right to testify and, following the presentation of the State's case, he sometimes made a recommendation for or against having the defendants testify. He did not specifically remember advising the defendant; however, he said he probably advised him not to testify. In any event, the defendant's version of events came in through his taped statement to police.

Regarding the defendant's roommates, trial counsel testified that his investigator had been told that they had seen the defendant in the parking lot of his apartment complex in an intoxicated state four or five hours after the crime. Since their testimony only concerned events happening after the crime, trial counsel did not think their testimony would have been helpful.

Post-conviction petitioners bear the burden of proving their allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the appellate court accords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley, 960 S.W.2d at 579.

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.; Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580. When the claim is predicated upon counsel's failure to present potential witnesses, their testimony should be offered at the post-conviction hearing. In this manner, the court can consider (1) whether a material witness existed and could have been discovered but for counsel's neglect, or a known witness was not interviewed by counsel; and (2) whether the failure to discover or interview a witness prejudiced the petitioner or the failure to call certain witnesses denied critical evidence to the prejudice of the petitioner. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

At the conclusion of the post-conviction hearing, the post-conviction court made the following findings regarding the petitioner's claim of ineffectiveness for not calling certain witnesses:

> The court could not determine the value of the witnesses' testimony without hearing the testimony of the witnesses, which were not called at the post-conviction relief hearing. Nevertheless, even had the testimony of those witnesses been that the petitioner was intoxicated at the time they observed him, this time was several hours after the murder. Ultimately those witnesses, had they testified at trial, would not have affected the outcome of the trial.

Regarding the petitioner's claim that counsel was ineffective for not calling the petitioner to testify, the post conviction court made the following findings:

> [The petitioner's] testimony at the post-conviction relief hearing was almost identical to his statement to the police, which was [submitted] to the jury. Nothing in his statement at the post-conviction relief hearing would have assisted him in the trial.

We find, as did the post-conviction court, that the petitioner's first claim is without merit because the petitioner failed to present the witnesses that he claimed should have been called on his behalf at trial. The failure to present such witnesses precludes this court and the post-conviction court from making a determination of how the petitioner was prejudiced by trial counsel failing to present their testimony. See, e.g., Black v. State, 794 S.W.2d at 757.

We also agree with the post-conviction court's findings that the petitioner was not prejudiced by trial counsel not calling the petitioner to testify on his own behalf. Any such testimony that he would have presented at trial would have in no way helped his case and was almost identical to his statement that was presented to the jury. Furthermore, advising the petitioner not to testify was certainly a strategic decision by trial counsel that this court will not second guess. See, e.g., Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

## Conclusion

After reviewing the record before us, we hold that the petitioner has failed to show how the record preponderates against the trial court's findings that the petitioner received effective assistance of counsel. Accordingly, the judgment of the post-conviction court denying the petitioner any relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE