IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 16, 2001

## JUSTIN C. MARR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-A-290     Walter C. Kurtz, Judge**

---

### No. M2000-01412-CCA-R3-PC - Filed July 26, 2001

---

The petitioner appeals the post-conviction court's denial of his petition. He claims that he received ineffective assistance of counsel and his plea of guilty was involuntarily entered. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

C. LeAnn Smith (on appeal), and  Lionel Barrett (at trial), Nashville, Tennessee, for the appellant, Justin C. Marr.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Kymberly L.A. Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Justin C. Marr, appeals from the trial court's denial of his post-conviction relief petition. On October 27, 1997, the petitioner was arrested and charged with especially aggravated robbery and pled guilty as charged on February 8, 1999.  The petitioner received a sentence of sixteen years in the Department of Correction as a Range I offender. On July 27, 1999, the petitioner filed a pro se petition for post-conviction relief.  Counsel was appointed, and an amended petition was filed. A post-conviction hearing was held on May 5, 2000, and the trial court entered an order denying the petition for post-conviction relief on May 18, 2000. This appeal timely followed.

Specifically, the petitioner asserts the following grounds as ineffective assistance of counsel: (a) Failing to attempt to change venue; (b) failing to file a motion to suppress petitioner's statement;

and (c) not properly interviewing potential witnesses and preparing for trial. In addition, the petitioner contends that as a result of trial counsel's lack of preparation for trial, the petitioner felt he did not have a choice between a fair trial and entering a plea of guilty, and thus his guilty plea was not voluntarily entered.

## ANALYSIS

### Standard of Review

Post-conviction petitioners bear the burden of proving their allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the appellate court accords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley, 960 S.W.2d at 579.

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.; Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580. When the claim is predicated upon counsel's failure to present potential witnesses, their testimony should be offered at the post-conviction hearing. In this manner the court can consider (1) whether a material witness existed and could have been discovered but for counsel's neglect, or a known witness was not interviewed by counsel; and (2) whether the failure to discover or interview a witness prejudiced the petitioner or the failure to call certain witnesses denied critical evidence to the prejudice of the petitioner. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

## Post-Conviction Court's Findings

At the conclusion of the post-conviction hearing, the post-conviction court made the following findings regarding the petitioner's claim of ineffective assistance of counsel and involuntary plea:

> Let me – I suppose the allegation of involuntary plea and ineffective assistance of counsel are interwoven. I don't know that they can be separated since Mr. Marr's claim of ineffective assistance of counsel is what he contends makes his plea involuntary because he felt, I guess, he had no choice and that he felt his lawyer, he says, wasn't ready for trial and he was forced into this last-minute decision.
>
> Well, first of all, the colloquy between the judge and Mr. Marr belies that contention as well as the plea petition. I also think that Mr. Barrett was as well acquainted with this case as could be. He talked to Mr. Marr about it. He was cognizant of the statements by Mr. Marr to the nonpolice witnesses as well as the statement by Mr. Marr to the police.
>
> Let me pause there about the statement to the police. It's a little hard for me to resolve this issue on ineffective assistance perhaps because of the sort of lack of information here. Mr. Marr says that he invoked his right to counsel, and this police record attached to his petition indicates that. Then that same record indicates that he initiated a further conversation with the police which under the case of Edwards versus Arizona and its progeny would have made the statements voluntary.
>
> Ms. Smith said, well, of course, the police are going to say that, and I don't have any live witnesses here. But then going back to whether Mr. Barrett was somehow ineffective, Mr. Barrett was relying on his client's statement to him, which I accredit,

that he made a voluntary plea – or involuntary statement to the police and that there was no coercion involved.

So I don't think there was anything here that would cause Mr. Barrett to move to – that would be beyond the standard of competent counsel by not moving to suppress, but let's take it a step further.

Even assuming that he should have done that, I don't think there could be – you couldn't win – the petitioner could not carry the burden on the prejudice prong because the statement would be available to impeach; but more importantly, there were like statements made to civilian witnesses that were ready to testify. So I don't see how it could have any impact on the outcome of this proceeding.

But then back to the issues that Mr. Marr suggested, that Mr. Barrett was sort of unready to pursue, first of all, self defense, again I credit Mr. Barrett's testimony that Mr. Marr had not indicated any facts that would support a defense of self defense. And what I know of the record of this case, it's very, very, improbable that any defense of self defense could even be pursued, no less be successful.

The other thing is voluntary intoxication. Mr. Barrett spoke to that, that he was aware of Mr. Marr's state of intoxication. And while he was intoxicated, it was his opinion it wasn't to the level that would provide any help to him in this case. The mere fact that he had a good memory of it sufficient to tell people about it would certainly support that.

The thing about interviewing witnesses, the police officer, there's been no evidence here presented to indicate what sort of helpful evidence might have been found. And that, of course, there are several decisions by the court of criminal appeals in a post conviction case when we're talking about the failure to call a witness or pursue a line of investigation. There really has to be a showing that there would be something helpful to be found.

Then the thing about pretrial publicity. There is no proof in the record of these newspaper articles. And, gosh, I don't recall anything about this case that made it a visible case. If a motion to change venue had been filed, it would have been frivolous on the record before me and everything I know about this case.

So I don't think that – and I find that the petitioner has not carried his burden of clear and convincing evidence by clear and convincing evidence that there was ineffective assistance of counsel, and has not carried his burden that his plea was involuntary. Mr. Barrett's testimony is that he discussed this for weeks beforehand with the petitioner. And I have to find that his testimony about this last-minute decision just is not be credible.

As this court is required to do, we accord the post-conviction court's findings the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. See Henley, 960 S.W.2d at 578-79; Bates, 973 S.W. 2d at 631. The record reveals that trial counsel was learned in the field of criminal law, discussed the case numerous times with the petitioner, obtained discovery, knew all viable defenses, recognized the strength of the State's case, and discussed a plea bargain with the petitioner two weeks before its entry. After reviewing the record, we agree that the petitioner has failed to show how the evidence in the record preponderates against the post-conviction court's findings.

## CONCLUSION

We conclude that the petitioner failed to prove any deficient performance by his trial counsel. Additionally, he failed to prove that his plea of guilty was not involuntarily entered. Therefore, we affirm the post-conviction court's denial of the petitioner's petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE