IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 16, 2001 Session

## STEVE EDWARD HOUSTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 9082     Robert L. Jones, Judge**

––––––––––––––––––

**No. M2000-01087-CCA-R3-PC - Filed September 7, 2001**

––––––––––––––––––

The petitioner appeals the post-conviction court's denial of his petition for post-conviction relief. He claims that he received ineffective assistance of appellate counsel on direct appeal. After review, we hold that appellate counsel's decision on direct appeal not to raise potentially improper closing arguments at trial by the prosecutor was neither deficient performance nor prejudicial to the petitioner. We affirm the post-conviction court's denial of the petitioner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Leslie Curry-Johnson, Nashville, Tennessee, for the appellant, Steve Edward Houston.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Steve Edward Houston, was convicted by a Giles County jury of two (2) counts of casual exchange of cocaine, Class A misdemeanors, and two counts of sale of cocaine, Class C felonies. These convictions were affirmed by a panel of this court on October 29, 1998. See State v. Steve Edward Houston, No. 01C01-9711-CC-00510, 1998 WL 749414 (Tenn. Crim. App., filed Oct. 28, 1998, at Nashville).

On July 21, 1999, the petitioner filed a pro se petition for post-conviction relief and an amended petition on April 14, 2000. At the conclusion of the hearing, the court denied the petitioner any relief and later entered a written order on May 19, 2000. The petitioner has filed a timely appeal

and asserts that the post-conviction court erred in denying him post-conviction relief. Specifically, the petitioner claims that he received ineffective assistance of appellate counsel on direct appeal.

## Facts

The petitioner was convicted of two counts of casual exchange and two counts of sale of cocaine. A summary of the underlying facts of these offenses was set out in detail on direct appeal. See State v. Steve Edward Houston, No. 01C01-9711-CC-00510, 1998 WL 749414 (Tenn. Crim. App., filed Oct. 28, 1998, at Nashville). Although the petitioner raised several issues for review in his post-conviction relief petition and at his hearing, he raises only one issue in this appeal: that appellate counsel was ineffective in failing to raise on appeal an issue concerning an alleged improper argument by the State during closing arguments of the petitioner's trial.

The specific closing arguments that petitioner complains of are, in pertinent part, as follows:

STATE: Nine, 10, 12 rocks of crack cocaine that Steve Houston has. And do you think for a second that he wouldn't sell it to your children, or your grandchildren, if the situation was right? If the buy was set up just right.

DEFENSE: Your Honor, I object to that argument. I do not think that is proper.

COURT: Overruled.

STATE: Do you think for a second that he wouldn't sell to any John Doe on the street? And I suggest to you that the answer is absolutely not, because he is a drug dealer in the business of making money on his drug sale.

* * *

STATE: But what a terrible injustice is going to come out of this case if we talk about and convict this man of casual exchange, a mere transfer of drugs between friends. That is, going to be a great injustice to come out of a case that involves four sales of crack cocaine by a drug dealer in your community on Sumpter Street.

* * *

STATE: It's four drug sales by a drug dealer, in your community, to a confidential informant, that is being monitored by the T.B.I. This is not a fly-by-night operation. This is a controlled situation of four deals by a dealer in your community.

* * *

STATE: To shift this from drug sale to casual exchange, and what a terrible injustice that is to this community.

* * *

STATE: You go back there and you talk about this case, ask yourselves, is there such a thing as a relatively small amount, when you are dealing with a drug as dangerous and as addictive and devastating to your community as cocaine is?

* * *

STATE: Don't let a terrible injustice occur in your community by convicting Steve Houston of casual exchange.

At the post-conviction hearing, the State called the petitioner's appellate counsel and questioned him about his performance in pursuing the petitioner's direct appeal. Appellate counsel explained that the way he typically selects issues for appeal is that he prepares a list of issues throughout the trial that might be appealable. He stated, "[A]s an issue comes up I write something down on that during the course of the trial, because by the end of the trial I will forget what it was." He then testified that he uses the list that he compiled in preparing his motion for new trial.

In the instant case, appellate counsel raised fourteen (14) issues in the motion for new trial and argued all fourteen (14) to preserve them for appellate purposes. Upon being denied relief on all fourteen issues, he began the appellate process. Appellate counsel testified that he chose to pursue only two (2) issues on direct appeal: a suppression issue and a severance issue.

The State questioned appellate counsel at the post-conviction hearing as to why he did not pursue the prosecutor's alleged improper closing argument on appeal. He testified that although he raised the issue in his motion for new trial and considered raising it as a third issue on appeal, after conducting research on the issue, he determined that it was unlikely that the Court of Criminal Appeals would reverse on that issue. Appellate counsel stated:

My practice with the Court of Criminal Appeals, and they have written plenty of opinions on this is, you pick your strong points and go with those, and if you don't really have what I think is substantial standing, then the Court is going to find some harmless error, and I don't waste my time and the Court's time in arguing something that I don't think has got any merit to begin with. . . . Quite frankly, [the prosecutor's argument] kinda flew all over me. It was almost a personal thing, I just thought it was totally improper. I still feel that it was improper argument. However, when I was working on the appeal and deciding whether or not to argue that issue on appeal, I did some research, and quite frankly, the research I found didn't give me any substantial grounds to raise that issue about the improper closing statement by the prosecution at trial, so I didn't raise that issue.

-3-

At the conclusion of the hearing, the post-conviction court found that appellate counsel "must exercise some discretion [in choosing issues] so as not to dilute those grounds that may have credible merit." The court further found "no ineffectiveness in the way [appellate counsel] made those elections." Essentially, the court found that appellate counsel made a well-informed strategic decision in choosing the particular issues on direct appeal. The court also agreed with appellate counsel's assessment that the appellate court would likely not have granted relief on the issue; therefore, even if appellate counsel was deficient, the court also found that the petitioner failed to show how he was prejudiced by any such deficient performance.

## Analysis

Post-conviction petitioners bear the burden of proving their allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the appellate court accords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims constitutionally ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. Id.; Henley, 960 S.W.2d at 579.

"When addressing an attorney's performance it is not our function to 'second guess' tactical and strategic choices pertaining to defense matters or to measure a defense attorney's representation by '20-20 hindsight.'" Henley, 960 S.W.2d at 579 (quoting Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)). Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from the perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." Goad v. State, 938 S.W.2d 363, 369

(Tenn. 1996). On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." Id.

To establish prejudice, a party claiming ineffective assistance of counsel must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.; Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

In reviewing a claim of ineffective assistance of counsel, an appellate court need not address both prongs of Strickland if it determines that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580. In addition, the findings that a post-conviction court makes as to the effectiveness of counsel are conclusive on appeal unless the evidence preponderates against them. See Henley, 906 S.W.2d at 578-79.

The crux of the petitioner's argument is that had appellate counsel raised the issue of the prosecutor's alleged improper closing argument on appeal, the case likely would have been remanded for a new trial. In support of this argument, the petitioner cited the post-conviction court to the case of Knight v. State, 229 S.W.2d 501 (Tenn. 1950). However, the post-conviction court agreed with appellate counsel's assessment that the petitioner would not have succeeded on such a claim and that asserting such a claim might dilute the validity of the stronger issues on appeal. The court essentially concluded that appellate counsel's strategic decision was neither deficient performance nor prejudiced the petitioner.

In reviewing informed decisions based upon adequate preparation, courts give deference to strategic and tactical choices. See Goad, 938 S.W.2d at 369. Furthermore, second guessing these decisions is not a function of the court. See Henley, 960 S.W.2d at 579. Based upon appellate counsel's informed decisions and strategic choices in pursuing the direct appeal, the post-conviction court found that the petitioner received effective assistance of counsel. The petitioner in this case has failed to show how the record preponderates against these findings.

### Conclusion

After review, we hold that the petitioner received effective assistance of appellate counsel and affirm the post-conviction court's denial of the petitioner's petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE