IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## TONY ALLEN LEONARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C45,468     R. Jerry Beck, Judge**

**No. E2002-00953-CCA-R3-PC**
**April 10, 2003**

Following an evidentiary hearing, the Sullivan County Criminal Court denied the petitioner, Tony Allen Leonard, post-conviction relief. On appeal, the petitioner claims that the post-conviction court erred in failing to find that his trial counsel rendered ineffective assistance. Because the record supports the lower court's findings and holding, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

A.D. Jones, Jr., Bristol, Tennessee, for the Appellant, Tony Allen Leonard.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Welles, Jr., District Attorney General; and James G. Goodwin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

*I. Facts and Procedural History.*

Following a 1999 jury trial in the Sullivan County Criminal Court, the petitioner was convicted of the aggravated sexual battery of a nine-year-old female victim. *See State v. Tony Allen Leonard*, No. E1999-00971-CCA-R3-CD (Tenn. Crim. App., Knoxville, Dec. 1, 2000), *perm. app. denied* (Tenn. 2001). At trial, the victim testified that on July 19, 1997, the petitioner touched her crotch while she was spending the night with her three siblings and the petitioner's two children at the petitioner's mobile home. *Id.*, slip op. at 2. The victim testified that she unsuccessfully tried to awaken her brother and kicked the petitioner in the nose. *Id.* The state introduced Detective Debbie Richmond's summary of her August 4, 1997 interview with the petitioner, in which he rendered an exculpatory account of his actions on the evening of July 19. *Id.*, slip op. at 2-3. At trial, the

petitioner testified consistently with the pretrial statement. *Id.* On cross-examination of the petitioner, the state impeached his credibility via evidence of his 1998 felony conviction of violating the motor vehicle habitual offender law. *Id.*, slip op. at 3, 6. Following conviction, the trial court imposed a nine-year sentence in the Department of Correction.

On direct appeal, this court affirmed the conviction. *See generally id.*

The petitioner filed a timely petition for post-conviction relief in which he alleged ineffective assistance of counsel. The post-conviction court appointed counsel, held an evidentiary hearing, and ultimately denied relief.

## II. Applicable Law.

### a. Post-conviction law.

A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

### b. Ineffective assistance of counsel.

The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." *Summerlin v. State*, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In *Strickland v. Washington*, the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that the errors were so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome. *Id.,* 104 S. Ct. at 2064; *Henley v. State*, 960 S.W.2d 572, 579 (Tenn.1997).

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2070. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

## III. Issues; Disposition.

The petitioner presented seven separate claims of ineffective assistance of counsel. Those claims, the evidence offered to support them, the finding relative to the lower court's rejection of each, and our determination that each was properly denied, are summarized below.

*a. Failure to seek suppression of photographs of the bedroom where the offense occurred.*

The petitioner testified at the evidentiary hearing that he requested Attorney Larry Weddington, who represented him at trial, to move the trial court to suppress the photographs of the bedroom where the offense occurred. The petitioner claimed that the photographs were inadmissible because the officers who took them had entered the mobile home residence without a warrant and without consent. Mr. Weddington testified at the evidentiary hearing that the petitioner did not request suppression of the photographs and did not inform Mr. Weddington that the photographs had been taken without consent. Mr. Weddington testified that he saw no need for the suppression of the photographs; indeed, he found the photographs to "be more helpful to [the defense] argument than it was anything else. . . . It was a small room, a small bed, a lot of people, and . . . those photographs showed that."

The trial court found that Mr. Weddington made an informed, reasonable tactical decision to use the state's photographs of the bed and bedroom in which the offense occurred. The court found trial counsel to be credible and the petitioner not credible as to whether the petitioner requested a motion to suppress. The court held that the petitioner failed to establish deficient performance or prejudice on this issue.

The record supports the lower court's determination. The tactic employed by trial counsel to use the photographs was reasonable. At any rate, the petitioner has failed to show any prejudice that resulted from the admission of the photographs. The lower court properly denied relief on this issue.

*b. Failure to advise and inform the petitioner.*

The petitioner testified that his trial counsel failed to inform him that the state intended to use photographs of the mobile home's bedroom in which the alleged offense occurred. Mr. Weddington testified that, although he did not remember whether he discussed the photographs

with the petitioner prior to trial, he had met with the petitioner to work on the case on numerous occasions prior to trial.

The post-conviction court found that trial counsel had adequately prepared for the trial and was able to effectively cross-examine the victim-witness. Generally, the lower court failed to find deficient performance with respect to trial preparation, and the court held no prejudice had been shown relative to any failure of counsel to discuss the photographs with the petitioner.

These findings are supported in the record. In particular, the petitioner demonstrated no prejudice from his alleged lack of pretrial notice of the photographs. The lower court properly denied relief on this issue.

*c. Failure to seek suppression of Detective Richmond's written summary of the petitioner's oral pretrial statement.*

The petitioner maintained at the evidentiary hearing that Mr. Weddington should have moved to exclude Officer Debbie Richmond's testimony about a written summary of the petitioner's pretrial statement, based upon inaccuracies in Richmond's summary of the statement. The petitioner testified that counsel failed to challenge the admissibility of the written summary of his oral pretrial statement, despite the petitioner's request that he do so and despite the trial court's availing counsel an opportunity to challenge the admissibility of the summary during trial. The petitioner admitted on cross-examination that he went to the police station and submitted to the interview voluntarily, that the police officer read him the *Miranda* rights, and that he was not arrested during that visit to the police station. Also, the petitioner admitted that, during her trial testimony, Detective Richmond explained that the perceived inaccuracy in her written summary of the petitioner's statement was due to a typographical error. Mr. Weddington testified that he saw no need for a suppression motion because the petitioner's statement to Detective Richmond was essentially exculpatory, and moreover, he saw no basis for suppression.

The post-conviction court found that the statement was properly obtained by Detective Richmond and was not excludable. Also, with respect to the claim of an inaccuracy in the written summary of the statement, the lower court found no showing of prejudice.

We conclude that the record is devoid of any proof that trial counsel was remiss in not seeking suppression of the statement or that the petitioner was prejudiced by the use of the statement. Trial counsel reasonably believed there was neither a reason nor basis to suppress the statement. Based upon the record of the evidentiary hearing, we agree.

*d. Failure to adequately cross-examine witnesses and to present the issue of the impossibility of committing the offense.*

The petitioner claimed at the hearing that he requested his trial attorney to pursue questioning to show that, because three or more children were lying in the bed between the petitioner

and the victim, his alleged assault of the victim was physically impossible. The petitioner testified, "[I]t was impossible for a struggle to happen on that side and . . . nobody in the bed wake up." He claimed that Mr. Weddington failed to adequately explore this defense issue. To the contrary, Mr. Weddington testified that the unlikeliness of the petitioner's assault of the victim was a main theme of the defense and was promoted and argued at every opportunity. Mr. Weddington recalled arguing to the jury that, despite the victim's claims that she complained and fought the petitioner, none of the other five children in the bed was awakened.

The lower court found that trial counsel adequately presented the defense theory that the offense could not have occurred as the victim claimed, due to the presence of other children in a confined space. Essentially, the court found no deficient performance and no prejudice.

Once again, the record supports the lower court's findings and determination. The petitioner is entitled to no relief on this issue.

*e. Failure to call the petitioner's son to testify.*

The petitioner testified at the hearing that Mr. Weddington was remiss in failing to call the petitioner's six-year-old son to testify. According to the petitioner, his son was present in the bed during the night of the alleged offense, and the petitioner wanted his son to testify that the son was not awakened by any commotion during the night. On cross-examination, however, the petitioner admitted that Mr. Weddington interviewed the petitioner's son and determined that the defense would not benefit from the child's testimony and that the child "didn't know nothing." Mr. Weddington's testimony confirmed as much. Mr. Weddington testified that he interviewed all of the persons whose names the petitioner had suggested as potential witnesses and discussed with the petitioner who should testify.

The lower court found that trial counsel interviewed the child and decided not to call him to testify after discussing the matter with the petitioner, who agreed with the decision. The court found no deficient performance and no prejudice.

This issue has been waived on appeal due to the petitioner's failing to buttress it with argument in his brief. *See* Tenn. R. App. P. 27(a)(7); Tenn. R. Ct. Crim. App. 10(b). Waiver aside, however, the petitioner clearly failed to establish prejudice from the failure to call the young child to testify at trial. By failing to call the child to testify at the evidentiary hearing, the petitioner failed to establish by clear and convincing evidence that the child "would have testified favorably in support of [the] defense if called." *See Black v. State*, 794 S.W.2d 752, 758 (Tenn. Crim. App. 1990). In such a circumstance, this court has held that a post-conviction petitioner fails to prove the prejudice prong of his ineffective assistance of counsel claim. *Id.*

*f. Failure to adequately cross-examine Detective Richmond.*

The petitioner testified that, because Mr. Weddington was a good friend of Detective Richmond, he failed to adequately and aggressively cross-examine her. The petitioner testified that Mr. Weddington told the petitioner before trial that he and Richmond were "good personal friends" and that Mr. Weddington did not believe that Richmond would lie. Mr. Weddington testified in the evidentiary hearing that his relationship with Ms. Richmond is of a professional nature and emanates from his practice of law and her service as a law enforcement officer over a number of years. He testified the relationship in no way impeded his cross-examination of her.

The lower court found that Mr. Weddington conducted a strong, lengthy, aggressive cross-examination of Detective Richmond. The court found no deficient performance and no prejudice.

We agree with the lower court, and the record does not preponderate against the court's findings. The petitioner is entitled to no relief on this issue.

*g. Failure to present an effective closing argument.*

At the post-conviction hearing, the petitioner pointed to counsel's failure to argue to the jury the issue of the victim's claim of kicking the petitioner in the nose and the wrongful admission of Detective Richmond's statement and of the photographs of the bedroom.

The post-conviction court held that Mr. Weddington effectively argued the case and articulated the defense claim that the offense as described by the victim was unlikely or impossible. The court found no deficient performance and no prejudice.

Again, we agree. The petitioner's claim on this issue consists of little more than mere allegations that his trial counsel inadequately argued the petitioner's case to the jury. The petitioner is entitled to no relief on this issue.

*IV. Conclusion.*

Our review of the record of the evidentiary hearing reflects that the evidence does not preponderate against the lower court's findings. Moreover, that court's holding that the petitioner's trial counsel rendered effective assistance is supported in the record. Accordingly, we affirm the denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE