IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2002 Session

## YASMOND FENDERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 68806      Richard R. Baumgartner, Judge**

---

**No. E2001-01088-CCA-R3-PC**
**May 2, 2002**

---

The petitioner, Yasmond Fenderson, filed a petition for post-conviction relief to challenge his Knox County convictions of second-degree murder and conspiracy to commit second-degree murder. The post-conviction court conducted an evidentiary hearing but denied post-conviction relief. The petitioner appeals and claims the ineffective assistance of trial counsel. Finding that the record supports the post-conviction court's denial of relief, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Leslie M. Jeffress, Knoxville, Tennessee, for the Appellant, Yasmond Fenderson.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; Randall E. Nichols, District Attorney General; and G. Scott Green, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

A Knox County jury convicted the petitioner, Yasmond Fenderson, of second-degree murder and conspiracy to commit second-degree murder. This court affirmed the convictions on direct appeal, and the supreme court denied second-tier review. *See State v. Yasmond Fenderson*, No. 03C01-9711-CR-00496 (Tenn. Crim. App., Knoxville, Jan. 6, 1999), *perm. app. denied* (Tenn. 1999). The petitioner then filed a timely petition for post-conviction relief, which the lower court dismissed following an evidentiary hearing. Now appealing the dismissal, the petitioner claims that he suffered the ineffective assistance of trial counsel. In consequence of our holding that the record supports the denial of post-conviction relief, we affirm.

The post-conviction record does not contain a copy of the trial record. We glean our knowledge of the facts of the conviction offense from this court's direct-appeal opinion. *See generally Yasmond Fenderson.* In 1993, the petitioner and three or four other men went to the home of the victim, Major Kindell, to retrieve a quantity of drugs which apparently they believed Kindell had taken. The victim's wife, who witnessed the confrontation between the victim and the visitors and the petitioner's search of the house, testified that the petitioner was the "commander" of the visitors. In a statement given to the police, the petitioner stated that he had found what he was looking for upon searching the house. The victim's wife testified that, after the search of the house, the petitioner told one of his armed associates, "Pop go [sic] this weasel." The man to whom the petitioner spoke raised a gun and pointed it at the victim. After the victim's wife hid in a closet, she heard two or three shots fired. Upon exiting the closet, she found her husband mortally wounded with two gunshots in the chest.

At trial, the state introduced the petitioner's pretrial statement in which he admitted that he ordered the gunman to shoot the victim. In this court's opinion, we said, "At trial, [the petitioner] did not dispute his presence in the victim's home the night of the crime; he disputes [the victim's wife's] characterization of his role as the leader in the offense." *Id.*, slip op. at 4.

We will review the post-conviction evidence that is relevant to the issues on this appeal. The petitioner testified that his trial counsel failed to interview and subpoena witnesses, especially the men who were present at the time of the shooting and most especially, James Davis, who the petitioner claims was "the shooter." He further testified that his trial counsel failed to call as a witness Terrence Johnson, who the petitioner claimed would have testified that James Davis admitted, in the presence of Johnson and the petitioner, to shooting the victim.

In the evidentiary hearing, trial counsel testified that she fully prepared for trial and interviewed ten to fifteen people, including the men the petitioner claimed were present when the victim was shot. Each of these men, including James Davis, denied being present. She testified that she declined to call Terrence Johnson to testify because she believed that his testimony that James Davis admitted shooting the victim would have been "absolute hearsay." She opined that the exception to the hearsay rule for statements against penal interest did not apply to Davis' attributed statement because, at the time Davis made the statement to Johnson, Davis had not been charged with killing the victim.[1]

Following the testimony of witnesses at the evidentiary hearing, post-conviction counsel argued that trial counsel had rendered ineffective assistance when she failed to request a jury instruction as to facilitation and solicitation as lesser-included offenses of first-degree murder and the lesser-included offenses thereof. Post-conviction counsel acknowledged – and the trial court

---

[1]  Apparently, Mr. Davis was never charged with killing the victim. As pointed out by the petitioner's trial counsel during her evidentiary hearing testimony, the petitioner was the only person charged with or convicted of killing the victim because he was the only person who admitted being present and the only one who was identified by the victim's wife.

agreed – that the underlying issue of trial court error in failing to render these instructions had been waived due to the petitioner failing to raise it on direct appeal. The trial court opined that ineffective assistance could not be attributed to trial counsel because the trial court had an independent duty to instruct the jury as to applicable lesser-included offenses, regardless whether counsel requested the instruction. The trial court surmised that any ineffective assistance of counsel on this issue should be attributed to appellate counsel.[2] At the evidentiary hearing and now on appeal, the petitioner continues to limit his claims of ineffective assistance to the performance of trial counsel.

Before addressing the specific issues of the ineffective assistance of trial counsel that are raised on appeal, we review a few familiar concepts of post-conviction and constitutional law.

A post-conviction petitioner has the burden of proving his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-201(f) (1997). The post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise, *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001); however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness, *id.*

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both provide that a defendant in a criminal case is entitled to effective assistance of counsel. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is whether the advice given or the service rendered by the attorney is within the range of competence demanded of attorneys in criminal cases. *Summerlin v. State*, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980). Thus, a post-conviction petitioner claiming ineffective assistance of counsel must establish by clear and convincing evidence that counsel's performance fell below the required standard of competence. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Michael E. Christian v. State*, No. E2000-00922-CCA-R3-PC, slip op. at 9 (Tenn. Crim. App., Knoxville, June 24, 2000) ("The *Strickland* standard has been applied to the right to counsel under Article I, section 9 of the Tennessee Constitution."), *perm. app. denied* (Tenn. 2001). Also, the petitioner must establish prejudice, that the deficient performance "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Should the petitioner fail to establish *either* deficient performance or resulting prejudice, he is not entitled to relief. *Id.* at 697, 104 S. Ct. at 2069.

When reviewing an attorney's performance, courts do not "'second guess' tactical and strategic choices," nor do we "measure [the] defense attorney's representation by '20-20 hindsight.'" *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). We endeavor to eliminate "the distorting effects of hindsight . . . [and] evaluate the conduct from counsel's perspective at the time" of the conduct. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation."

___

[2] The amended petition for post-conviction relief asserted that "trial counsel" was ineffective because she failed to request the instructions as to facilitation and solicitation. The petitioner was represented on direct appeal by a different attorney than his trial counsel.

*Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996). On the other hand, our "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation." *Id.*

In his first claim of ineffective assistance of counsel, the petitioner argues on appeal that his trial counsel deficiently performed by failing to subpoena James Davis to testify and by failing to call Terrence Johnson as a witness to Davis' confession to shooting the victim. At the outset, we consider trial counsel's handling of the issue of the statement-against-interest exception to the hearsay rule. *See* Tenn. R. Evid. 802, 804(3). This hearsay rule exception allows the introduction into evidence of an unavailable declarant's out-of-court admissions that tend to subject the declarant to "criminal liability," when a "reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Id*. 804(3). The petitioner argues that his trial counsel deficiently performed when, because she thought the evidence was "absolutely" inadmissible, she failed to establish Davis' unavailability and failed to call Johnson to testify to Davis' out-of-court confession.

We begin by noting that the post-conviction court accredited trial counsel's testimony that she interviewed ten to fifteen potential witnesses, including the persons whose names the petitioner provided and including Davis and Johnson. Davis denied being present at the time of the shooting, and although counsel saw no point in calling him as a witness, we discern that counsel missed the point of calling Davis as witness. Had counsel further developed on the record Davis' circumstances, she might have established Davis' unavailability through showing that he was "beyond the jurisdiction of the court and the reach of its processes" or that, had Davis appeared in court, he would "refuse[] to testify on the ground of self-incrimination." *See State v. Cureton*, 38 S.W.3d 64, 79 (Tenn. Crim. App. 2000) (for purposes of hearsay rule exception stated in Tennessee Rule of Evidence 804(3), unavailability of the declarant may be shown, *inter alia*, when the declarant is "beyond the jurisdiction of the court *and* the reach of its processes" or when the declarant "is present in court and refuses to testify on the ground of self-incrimination") (emphasis added), *perm. app. denied* (Tenn. 2000). Had the trial court found Davis to be unavailable, the way would have been cleared for Johnson, who apparently complied with a subpoena and was on hand during the trial, to testify that Davis had made a statement against his penal interest by confessing to shooting the victim. It is not a requirement of Rule 804(3), as trial counsel supposed, that the statement's admission into evidence depends upon the declarant being charged with the offense. Trial counsel's view of the exception was erroneous.

That having been said, however, we reject the petitioner's claim of prejudice for the simple reason that he has failed to establish the claim by clear and convincing evidence. He failed to establish in his evidentiary hearing that Davis was unavailable at the time of trial. To be sure, trial counsel testified that she tried unsuccessfully to serve a subpoena on him, but the petitioner offered no proof that Davis was beyond the reach of the trial court's process. *See Cureton*, 38 S.W.3d at 79. Also, trial counsel testified that when she interviewed Davis, he denied being present at the victim's home at the time of the shooting. There is no indication in the record that, had he been called to the stand at trial, he would have refused to testify on the grounds of self-incrimination, and there is no

indication in the record that Davis was unavailable for any other reason. *See id.* Having failed to establish in the post-conviction proceeding that Davis was unavailable for trial, the petitioner has failed to establish that Johnson's testimony would have been admissible.

Furthermore, the petitioner failed to present the testimony of either Davis or Johnson in the evidentiary hearing. "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of . . . what a witness's testimony might have been if introduced by [post-conviction] counsel." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The petitioner is not entitled to relief on the claim that counsel failed to call or use a witness at trial unless he produced the witness at the post-conviction hearing and established that the witness "would have testified favorably in support of his defense if called." *Id.* at 758. In particular, we cannot speculate that, had Davis been unavailable, Johnson would have testified about Davis' confession.

Additionally, we note that Davis' confession to shooting the victim did not *per se* contradict the state's theory of the homicide. The state prosecuted the case via a theory that the petitioner was criminally responsible for the act of another. Indeed, Davis' possible role as the shooter fits within the state's theory of the case. We cannot discern how the petitioner was prejudiced by the failure to use evidence of Davis' admission that he shot the victim.

Thus, with regard to the trial counsel's investigation and management of witnesses, no ineffective assistance has been demonstrated.

Now we address the petitioner's other claim of ineffective assistance – that trial counsel failed to request jury instructions as to facilitation and solicitation of first-degree murder and the usual lesser-included offenses of that charge. Although this issue has been raised in the petitioner's brief, the petitioner offered no proof in his evidentiary hearing about the failure to instruct on lesser-included offenses and relied solely upon argument of counsel that, as alleged in the amended post-conviction petition, trial counsel deficiently performed to the petitioner's detriment when she failed to press for the instructions on facilitation and solicitation. The post-conviction judge ruled that, had trial counsel requested the instructions, he as the trial judge would have denied the requests based upon his perception that the proof did not warrant the instructions. At any rate, the post-conviction judge commented that, given the statutory duty placed upon a trial court to charge all applicable lesser-included offenses even in the absence of a defense request, trial counsel did not deficiently perform; rather, any deficiency of performance in failing to press the instruction issue would have to be attributed to appellate counsel.

Facilitation of a felony is committed when a person "knowingly furnishes substantial assistance" to another in the commission of a felony, knowing that the other intends to commit a specific felony but lacking the intent to make the person criminally responsible as a principal for the felony. Tenn. Code Ann. § 39-11-403(a) (1997). The punishment for facilitation is graded as one class below the charged felony. *Id.* § 39-11-403(b). One commits solicitation who "by means of oral, written or electronic communication, directly or through another, intentionally commands,

requests or hires another to commit a criminal offense, or attempts to command, request or hire another to commit a criminal offense, with the intent that the criminal offense be committed." *Id.* § 39-12-102(a) (1997). "Solicitation is an offense two (2) classifications lower than the most serious offense solicited . . . ." *Id.* § 39-12-107(b).

To be sure, facilitation and solicitation are lesser-included offenses of the charged offense of first-degree murder and of any other lesser-include offenses of first-degree murder. *State v. Burns*, 6 S.W.3d 453, 466-67 (1999). The trial court was obliged to instruct the jury as to these lesser-included offenses if the evidence in the case was sufficient to support convictions for them and was capable of enabling reasonable minds to accept that the defendant committed facilitation and/or solicitation. *State v. Walter Lee Allen*, – S.W.3d –, –, No. E1998-00416-SC-R11-CD, slip op. at 6 (Tenn. Knoxville, Feb. 22, 2002). This obligation to instruct as to these lesser-included offenses was free-standing and not dependent upon the defendant's request for the instructions. Tenn. Code Ann. § 40-18-110 (1997).

We conclude that the petitioner has failed to establish that counsel rendered ineffective assistance by not requesting instructions on facilitation and solicitation. We base our conclusion upon trial counsel's affirmative actions to dissuade the trial court from giving the instructions.

At this juncture, we explain the derivation and extent of our knowledge of trial counsel's actions. The record of the trial proceedings was not exhibited to the evidentiary hearing; however, the petitioner has appended a portion of the record to his appellate brief. Of course, the usually prevailing rule is that allegations offered by counsel in an appellate brief are not evidence. *See, e.g., State v. Keller*, 813 S.W.2d 146, 150 n. 4 (Tenn. Crim. App. 1991); *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the present case, however, the defendant's appendix that shows the occurrences regarding the trial court's charge conference is not self-serving and is adopted by the state. Accordingly, we utilize the information, which shows that in the face of the trial court considering instructions on facilitation and solicitation – and the state requesting instructions on at least solicitation – counsel for the petitioner opposed the use of both instructions. Apparently in light of counsel's objections, the trial court deemed it unfair to the petitioner to instruct as to facilitation and solicitation.

This court has held that a defense counsel's affirmative acquiescence in the failure to charge applicable lesser-included offenses constitutes a waiver of the error. *See State v. Elesa D. McDaniels*, No. E2000-02790-CCA-R3-CD, slip op. at 6-7 (Tenn. Crim. App., Knoxville, Nov. 1, 2001). Implicit in that holding is that on occasion counsel may favor the omission of an instruction as a matter of strategy or tactics. In assessing the effectiveness of counsel's performance, reviewing courts do not generally second-guess strategic or tactical choices made upon adequate preparation. *Hellard v. State*, 629 S.W.2d 4 (Tenn. 1982).

Of course, the problem in the present case is that the record is silent on whether trial counsel's opposition to the instructions was a strategic or tactical choice. In our view, because the

petitioner bore the burden of establishing his claims by clear and convincing evidence, he failed to establish deficient performance when he failed to show that counsel's affirmative actions were not strategic or tactical or failed to show that strategic or tactical choices were made without adequate preparation. The petitioner testified in the evidentiary hearing and made no assertions in this regard. Trial counsel testified, apparently as a witness for the state in the evidentiary hearing. She was not asked about the instruction issue by either the assistant district attorney or counsel for the petitioner on cross-examination. The record before us simply fails to support a finding of deficient performance. Thus, on this hill, the petitioner's claim of ineffective assistance dies.

Having discerned no reversible error in the proceedings below, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE