IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

## WILED McMILLIAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. 05-395     Lee Moore, Judge**

_____

**No. W2007-02280-CCA-R3-PC  - Filed July 23, 2008**

_____

The petitioner, Wiled McMillIan, pleaded guilty in the Dyer County Criminal Court to one count of the sale of 0.5 grams or more of cocaine. He received a sentence of ten years, to be served in the Department of Correction (TDOC), although the court noted that the petitioner would be allowed to go to long-term drug rehabilitation after he had served six months in the Dyer County jail. Prior to the petitioner's serving six months in the Dyer County jail, he was transferred to TDOC to serve the remainder of his sentence. Thereafter, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court denied the petition. On appeal, the petitioner asserts that he received ineffective assistance of counsel, that his guilty plea was involuntary, and that the post-conviction court erred in denying his separate motion to set aside the guilty plea. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES, J. and DAVID G. HAYES, SR. J., joined.

Tracey A. Brewer-Walker, Ripley, Tennessee, for the appellant, Wiled McMillian.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacey Wilber, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

The petitioner was indicted by a Dyer County Grand Jury on one count of the sale of 0.5 grams or more of cocaine, a Class B felony. *See* T.C.A. § 39-17-417(a)(3), (c)(1) (2003). On January 31, 2007, the petitioner submitted a guilty plea, and the trial court sentenced him to ten years in the Tennessee Department of Correction. At the guilty plea hearing, the trial court noted that the petitioner would be allowed to go to long-term drug rehabilitation after he served six months in the Dyer County jail. However, the trial court stressed that should the petitioner be transferred from the Dyer County jail to TDOC for any reason, the court would not be able to help him enter the drug

rehabilitation program. The petitioner testified at the guilty plea hearing that he made his guilty plea knowingly, voluntarily, and understandingly, and that he understood the contingencies of his proposed transfer to a rehabilitation program.

Prior to the petitioner's serving six months in the Dyer County jail, he was transferred to TDOC to serve the remainder of his sentence.

The petition for post-conviction relief was heard on July 6, 2007. The State entered the transcript from the guilty plea hearing, noting that the beginning of the hearing was not transcribed due to a technical malfunction.

Lieutenant Robert Parish, Dyer County jail administrator, testified that the petitioner was transferred on February 26, 2007. He also described the jail's transfer policy. Prisoners with sentences of less than five years usually stay in the county jail for the duration of their sentence. Prisoners with sentences longer than five years will typically be transferred to TDOC when the jail receives notice of space available. Lieutenant Parish testified that in February 2007, TDOC notified him there were eight spaces available at the prison and that the petitioner was transferred because he had a ten-year sentence.

The petitioner's trial counsel testified that his clients frequently entered guilty plea agreements with the possibility of attending a rehabilitation program and that he had been making such agreements with the State "for a long time." Counsel testified that he was "shocked" to learn the petitioner had been transferred to TDOC, and he called Lieutenant Parish to find out the reason for the transfer. It was only after this phone call that he learned of the jail's policy of transferring inmates with sentences larger than five years. Counsel did not think his assistance was ineffective for telling his clients that a plea agreement would likely avail them rehabilitation, then possibly release to probation, because "that's been the practice forever."

On cross examination, Counsel testified that he negotiated for the petitioner to be sentenced as a Range I offender instead of a Range II offender. In Range II, the petitioner would have been sentenced in the range of 12-to-20 years with release eligibility at 35 percent. Counsel discussed the plea ramifications with the petitioner for a long time, stressing that the rehabilitation program was not guaranteed and that he could still be forced to serve his entire sentence as ordered. Counsel believed the petitioner to be intelligent and one who "[v]ery clearly" understood the legal process.

The petitioner testified that he pleaded guilty upon the advice of Counsel that he would be able to enter a rehabilitation program after six months. He testified that he would not have pleaded guilty had he known that he could be transferred to TDOC at any time for any reason. The petitioner was satisfied with Counsel's representation until he was transferred to TDOC; however, he admitted that Counsel warned him that the final decision about his transfer was up to the jail.

Betty Hicks testified that she was the record clerk for the Dyer County Sheriff's Department. She testified that in the previous two years, more inmates were receiving sentences

with the possibility of going to rehabilitation programs. The petitioner was not the first inmate to be transferred to TDOC despite being eligible for rehabilitation if they remained in the county jail. Ms. Hicks testified that she was not an employee of the Dyer County jail and could not speak to the petitioner's behavior while incarcerated in Dyer County.

On appeal, the petitioner asserts that the trial court erred in denying his claim for post-conviction relief because he received ineffective assistance of counsel, which also rendered his guilty plea involuntary. To support this claim, the petitioner argues that his counsel provided deficient representation by not effectively investigating the Dyer County Sheriff's policy on transferring inmates to TDOC. Furthermore, the petitioner asserts that but for the deficiency in his counsel's representation, he would have followed through with his trial and that, therefore, his guilty plea was not knowingly and voluntarily entered. Finally, the petitioner asserts that the trial court erred when it denied his separate motion to set aside the guilty plea. The State argues that the appeal should be dismissed because the petitioner's notice of appeal was untimely, and in the alternative, that the post-conviction court did not err in denying post-conviction relief because the petitioner received effective representation and entered his plea voluntarily. Additionally, the State argues that the decision of the lower court to deny the motion to set aside the guilty plea is not properly before this court.

We first turn our attention to whether the petitioner's notice of appeal was timely filed. The notice of appeal was filed on August 31, 2007, 52 days after the post-conviction court's order of dismissal. Even though this notice was filed more than thirty days after entry of the judgment and therefore was untimely, we will waive the thirty-day requirement in this case in the interest of justice and reach the merits of the petitioner's appeal. *See* Tenn. R. App. P. 4(a).

The post-conviction petitioner is obliged to establish his claims by clear and convincing evidence. *See* T.C.A. § 40-30-110(f) (2003). On appeal, the appellate court affords the trial court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State,* 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

The Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "[w]hether the advice given or the service rendered by the attorney [is] within the range of competence demanded by attorneys in criminal cases." *Summerlin v. State,* 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In *Strickland v. Washington,* the United States Supreme Court outlined the requirements necessary to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that errors were

so serious as to deprive the petitioner of a fair trial, calling into question the reliability of the outcome.  *Id.*; *Henley,* 960 S.W.2d at 579.

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea.  *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366 (1985).  The prejudice component is modified such to require the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.* at 59, 106 S. Ct. at 370; *see also Hicks v. State*, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

The court does not "second guess" tactical and strategic choices pertaining to defense matters and does not measure a defense attorney's representation by "20-20 hindsight."  *Henley,* 960 S.W.2d at 579 (quoting *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982)).  Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from counsel's perspective at the time."  *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065.  "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation."  *Goad v. State,* 938 S.W.2d 363, 369 (Tenn. 1996).  On the other hand, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation."  *Id.*

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal.  *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).  This court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise.  *See id.*  "However, a trial court's *conclusions of law* – such as whether counsel's performance was deficient or whether that deficiency was prejudicial – are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions."  *Id.*

Additionally, our supreme court, in setting forth the standard for identifying a constitutionally valid guilty plea, has noted that "before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily."  *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969)).  Our high court further noted that "a plea is not 'voluntary' if it is the product of '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats,'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43, 89 S. Ct. at 1712), or if the defendant was "incompetent or otherwise not in control of his mental facilities" when the plea was entered.  *Id*.

In this case, the post-conviction court concluded that counsel's failure to anticipate the petitioner's likelihood of transfer did not amount to deficient representation.  After considering the arguments presented to us on appeal, we likewise conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel.

Contrary to the petitioner's assertions, counsel did not provide deficient representation. When a petitioner's claim is one of inadequate advice, as it is in this case, courts generally distinguish between direct and indirect consequences of a failure to inform the guilty-pleading petitioner. *See Bautista v. State*, 160 S.W.3d 917, 921 (Tenn. Crim. App. 2004). As a general rule, an attorney's failure to inform a criminal defendant of the "direct consequences of a guilty plea may constitute ineffective assistance of counsel," although "failure to inform of indirect consequences of a guilty plea normally does not." *Id.*; *see also Adkins v. State*, 911 S.W.2d 334, 350 (Tenn. Crim. App. 1994). This distinction often "'turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" *Adkins*, 911 S.W.2d at 350 (quoting *Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988)). Furthermore, this court has held,

> "Any failure of counsel to advise as to any collateral consequences of a plea does not, under these authorities, fall below the range of competence demanded of attorneys in criminal cases. Misadvice on the issue might have warranted relief; and, while a fine distinction, silence by counsel does not. In short, a sin of commission might merit relief while the sin of omission does not."

*Bautista*, 160 S.W.3d at 921 (quoting *Adkins*, 911 S.W.2d at 350).

We decline to hold that Counsel's failure to investigate the Dyer County Sheriff's policy on transferring inmates to TDOC constitutes deficient representation. Initially, we note that the "failure" to advise on the collateral consequences of his plea was at most an omission and not misinformation. *See Bautista*, 160 S.W.3d at 921. Even more significantly, we conclude that Counsel's failure to investigate, as well as his failure to anticipate the actions of Dyer County jail, had "no definite, immediate, and largely automatic effect" on the petitioner's punishment. *Id.* at 922. The collateral consequences the petitioner faced were not automatic or definite; the petitioner was selected for transfer based on his sentence and the ability of TDOC to receive new inmates. We conclude that the petitioner's counsel, although not advising him of the indirect, collateral effects of his plea, did not misinform the petitioner, and therefore was not deficient in his representation.

Finally, the petitioner contends that the trial court erred when it denied his motion to set aside the guilty plea. *See* Tenn. R. Crim. P. 32(f). However, this motion was filed *after* the petition for post-conviction relief was adjudicated, and the record contains neither the order disposing of the motion nor the transcript of any hearing on the motion. A trial court's order denying a motion to set aside a guilty plea must be brought before this Court on direct appeal. *See* Tenn. R. App. P. 3(b). Furthermore, the notice of appeal addresses only the order dismissing the post-conviction petition and does not mention the Rule 32(f) motion. Under these circumstances, the Rule 32(f) issue of withdrawing the guilty plea is not before this court.

Accordingly, the post-conviction court's denial of the petition is affirmed.

---

JAMES CURWOOD WITT, JR., JUDGE